[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-11840

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

RONALD B. THOMAS, JR.,
a.k.a. Ronald Thomas,
a.k.a. Gorilla,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

D.C. Docket No. 3:22-cr-00101-MMH-LLL-1

————————————

Before JORDAN, LUCK, and WILSON, Circuit Judges.

PER CURIAM:

Defendant-Appellant Ronald Thomas, Jr., appeals the district court's imposition of the standard conditions of supervised release adopted in the Middle District of Florida, which were publicly available on the court's website. He argues that the district court deprived him of his Fifth Amendment right to due process by failing to pronounce each of these standard conditions at his sentencing hearing. After careful review, we affirm Thomas' sentence.

## I.

Thomas pled guilty to knowingly and intentionally distributing fentanyl and methamphetamine, knowingly possessing firearms in furtherance of a drug trafficking crime, and knowingly possessing a firearm as a convicted felon. The district court sentenced Thomas to the mandatory minimum of twenty years' imprisonment and an eight-year term of supervised release.

At sentencing, the court explained that while on supervised release, Thomas "will be required to comply with the standard conditions of release adopted in the Middle District of Florida as well as certain special conditions." The court then listed each of the special conditions. It did not discuss the standard conditions in any more detail. When asked whether he had "any objection to the sentence or the manner in which it was imposed," Thomas did not

object to the court's imposition of standard or special conditions to his supervised release. His sole objection was that his sentence was unreasonable and violated the Eighth Amendment.

The district court's amended written judgment listed the thirteen "standard conditions" for supervised release in full. Those thirteen conditions matched the standard conditions on the criminal judgment form on the Middle District of Florida's website. *See* U.S. Dist. Ct. for the Middle Dist. of Fla., *Form AO 245B Judgment in a Criminal Case*, https://perma.cc/5PHV-Q76Q. The thirteen conditions also match the standard conditions recommended by the United States Sentencing Guidelines Manual § 5B1.3(c). Thomas timely appealed.

## II.

We review the imposition of non-mandatory conditions of supervised release for abuse of discretion. *See United States v. Etienne*, 102 F.4th 1139, 1144 (11th Cir. 2024). If a defendant failed to object to the condition, we are limited to reviewing for plain error. *United States v. Carpenter*, 803 F.3d 1224, 1237 (11th Cir. 2015). Of course, this depends upon whether the defendant had notice and the opportunity to object at sentencing in the first place—a determination we make de novo. *United States v. Hayden*, 119 F.4th 832, 838 (11th Cir. 2024).

## III.

A court sentencing a defendant to supervised release must impose several mandatory conditions and may order further conditions at its discretion. *See* 18 U.S.C. § 3583(d). The Due Process

Clause requires district courts to pronounce any condition of supervised release, other than those mandated by 18 U.S.C. § 3583(d), at the defendant's sentencing hearing. *United States v. Rodriguez*, 75 F.4th 1231, 1246 (11th Cir. 2023). The court must pronounce the conditions so that the defendant has notice and the opportunity to object to his sentence. *See, e.g.*, *United States v. Read*, 118 F.4th 1317, 1321 (11th Cir. 2024). "When the district court includes discretionary conditions in the written judgment that it did not reference at the sentencing hearing, we vacate the conditions and remand for resentencing." *Id.*

District courts are not required "to individually pronounce each discretionary condition of supervised release if at sentencing the court expressly incorporates a written list detailing those conditions." *Rodriguez*, 75 F.4th at 1249. "A reference to a written list of conditions is enough to afford a defendant the opportunity to challenge the conditions of supervised release, which is all that due process requires." *Hayden*, 119 F.4th at 838.

As an initial matter, plain error is the correct standard of review. Thomas had notice of the conditions of his supervised release and failed to object. Here, just as in *Hayden*, the district court notified Thomas that during his supervised release, he would be required to comply with the standard conditions adopted in the Middle District of Florida. *See id.* at 835, 838–39. The district court then asked Thomas if he had any objection to the sentence or the manner it was imposed before the end of the hearing, and Thomas did not raise any issues with the conditions.

Next, the district court "did not err—much less plainly err—when it failed to describe the conditions of supervised release in its oral pronouncement." *See id.* at 838–39. At the hearing, the district court's verbal reference to "a written list of conditions," specifically the standard conditions for the Middle District of Florida, publicly available on the district court's website, was enough to afford Thomas the opportunity to challenge the conditions of his supervised release, "which is all that due process requires." *Id.* at 838. The written judgment "only adds details to the oral pronouncement." *Read*, 118 F.4th at 1322.

## IV.

As there was no due process violation, we **AFFIRM** Thomas' sentence.